# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DARNELL STOWERS**                                                        **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:21CV-191-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be reversed and the matter remanded to the Commissioner for further proceedings.

## FACTS

The plaintiff, Darnell Stowers, filed for benefits on January 8, 2019, alleging onset of disability commencing on October 15, 2014. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on August 28, 2020. (Dkt. 10 p.17-24).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

The ALJ determined Stowers had the following severe impairments: sequalae from chronic high blood pressure (kidney and congestive heart disease). At Step Three the ALJ found Stowers did not meet the Medical Listings 4.02 for chronic heart failure or 6.05 for nephrotic syndrome. The ALJ found Stowers could perform less that a full range of sedentary work, but other jobs were available within his limited RFC and Stowers was therefore not disabled.

Stowers, who is a younger individual, just thirty-six on the application date, suffers from severe congestive heart failure, with an ejection fraction of only 29%. He suffers from Stage 4, "rapidly approaching Stage 5," or end stage kidney failure. The plaintiff argues in his appeal that he meets the listing for kidney failure, 6.05, or alternatively that between his kidney failure and congestive heart failure he should have been found disabled because his conditions medically equal a listing.

## ANALYSIS

The plaintiff argues that the ALJ erred in his Step Three analysis. After determining at Steps One and Two whether a claimant has not engaged in substantial gainful activity and whether he or she has severe impairments, ALJs are charged at Step Three with determining if a claimant meets or medically equals the criteria set forth in any of the Listings of Impairments, 20 C.F.R. § Part 404, Subpt. P. App. 1. These listings provide a presumption of disability which if met deem the applicant disabled without consideration of vocational factors. The plaintiff suffers from chronic hypertension which has resulted in stage 4 of 5 kidney disease. He also has very severe chronic heart failure.

The plaintiff makes two arguments. First, Stowers argues the ALJ erred in failing to find he met Listing 6.05 because of his kidney disease and in failing to discuss the evidence and explain why he found Stowers did not meet this listing. Alternatively, Stowers urges the court to

2

find the ALJ erred in failing to consider or explain how his kidney failure coupled with the heart failure was not medically equivalent to a listing.

Listing 6.05 has the following criteria which must be met to qualify for presumptive disability:

> 605 Chronic kidney disease, with impairment of kidney function, with A and B:
> A. Reduced glomerular filtration evidenced by one of the following laboratory findings documented on at least two occasions at least 90 days apart during a consecutive 12-month period:
>     1. Serum creatine of 4 mg/dL or greater; or
>     2. Creatine clearance of 20 ml/min. or less; or
>     3. Estimated glomerular filtration rate (eGFR) of 20 ml/min/ 1.73ms or less,
>     AND
> B. One of the following:
>     1. Renal osteodystrophy with severe bone pain ….; or
>     2. Peripheral neuropathy; or
>     3. Fluid overload syndrome documented by one of the following:
>         a. Diastolic hypertension greater than or equal to diastolic blood pressure of 110 mm HG despite at least 90 consecutive days of prescribed therapy, documented by at least two measurements of diastolic blood pressure at least 90 days apart during a consecutive 12-month period; or
>         b. Signs of vascular congestion despite at least 90 consecutive days of prescribed therapy, documented on a least two occasions at least 90 days apart during a consecutive 12-month period; or
>     4. Anorexia with weight loss….
>
> 20 C.F. R. Part 404, Subpt. P. App 1 § 6.05.

As Stowers points out, the ALJ devoted two sentences to his Step Three findings. His decision provides:

> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416, 925 and 416.926).
>     I have considered the impairments listed in Appendix 1 to Subpart P of part 404 of the regulations and find the claimant's impairments do not singularly or in combination meet or medically equal the required criteria for any of the listed impairments. The signs, symptoms and history of treatment presented in the evidence of record are inconsistent with the degree of pain and or functional limitation that is required to meet or equal the criteria set forth in the Medical Listing 4.02, chronic heart failure, 6.05 nephrotic syndrome, or any other listing. R. 15.

3

The ALJ does not discuss any of the particulars of the listing nor acknowledge the evidence showing Stowers indisputably meets at least parts of the listing. The dispute on this appeal is whether Stowers meets the listing as to fluid overload, specifically whether he has demonstrated diastolic hypertension of 110 or above, despite prescribed therapy for 90 days, as shown by at least two measurements 90 days apart during a consecutive twelve-month period. The plaintiff contends that the medical records show that he meets the criteria. The records do in fact show repeated diastolic readings at listing levels over the required time periods. The Commissioner counters that this listing is not met, arguing that the plaintiff was non-compliant with the prescribed therapy.

The court's decision in this matter is governed by *Audler v. Astrue*, 501 F.3d 114 (5th Cir. 2007). In that case the ALJ found that the medical evidence showed the claimant was status post lumbar laminectomy, cervical disc herniation, finding the conditions were severe, but not severe enough to meet or medically equal one of the listed impairments. The decision did not identify any of the listings considered. The Fifth Circuit found these bare conclusions were beyond meaningful review. The court noted the Commissioner has a statutory duty to explain any decision denying benefits, "in understandable language, setting forth a discussion of the evidence, and stating Commissioner's determination and the reason or reasons upon which it is based." 42 U. S. C. § 405 (b)(1). Because the ALJ did not discuss the evidence as mandated by the statute, the ALJ had erred.

The only difference between Stowers and *Audler* is that the ALJ in this case identified the appropriate listings. But there is no discussion of the evidence at Step Three or rationale for the Step Three decision. The Commissioner contends that the identification of the appropriate listing is sufficient. The court disagrees. The only part of this brief decision that is not boilerplate

is the identification of the applicable listings. Consequently, the decision in this case does not allow meaningful appellate review as to whether Stowers meets the 6.05 listing, and it provides no information as to how or why the ALJ may have considered the impact of a second impairment in making a medical equivalency determination.

The Commissioner suggests that any error is not prejudicial pointing to evidence in the record that it argues shows some non-compliance with medications. However, even if the court were to assume the ALJ's Step Three decision was based on the alleged non-compliance as to the kidney problems, this speculation does nothing to explain how the ALJ may have arrived at the unexplained medical equivalency decision.

After considering the entirety of the record, the court finds this decision cannot be subjected to any meaningful judicial review, and thus, the case must be remanded.

## CONCLUSION

The court finding prejudicial error in the Step Three decision, both as the 6.05 decision and the medical equivalency decision, reverses the decision of the Commissioner and remands this action for further administrative proceedings consistent with the opinion.

**SO ORDERED** this the 1st day of August, 2022.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**